IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GREG BARELA,

                                      Petitioner,

      v.                                                     1:05-cv-3313-WSD

BILLY THOMPKINS,

                                      Respondent.

## ORDER

This matter is before the Court on the Final Report and Recommendation

("R&R") issued by Magistrate Judge King [6] and Petitioner's Objections thereto

[7] related to Petitioner's Habeas Petition under 28 U.S.C. § 2254 challenging his

conviction for murder in the Rockdale County Superior Court [1].

## I.  Background

Petitioner raises eleven grounds for federal habeas review disputing his

conviction of murder in Rockdale County Court.  Petitioner was convicted of

murder and sentenced to life imprisonment on April 5, 1998.  He appealed to the

Georgia Supreme Court, which upheld his conviction on June 1, 1999.  He filed a

habeas petition in the Chattooga County Superior Court on March 29, 2000.  That

court held an evidentiary hearing on January 31, 2000, and issued an order denying

relief on April 2, 2003.  Petitioner was denied a certificate of probable cause to appeal.  Petitioner filed the present petition under 28 U.S.C. § 2254 on December 27, 2005.  The petition was referred to Magistrate Judge King, who entered an R&R on July 30, 2006, concluding that Petitioner's claims for relief should be denied.  On August 24, 2005, Petitioner objected to two conclusions of the R&R: (1) that Petitioner's <u>Brady</u> claim was procedurally barred; and (2) that Petitioner's ineffective assistance counsel claim should be dismissed.

## II.  Standard of Review

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court is obligated to conduct a de novo review of the portions of the Report and Recommendation to which the Petitioner has objected.  The Court reviews the remainder of the Report and Recommendation for plain error.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983).

A federal court may issue a writ of habeas corpus in behalf of a person held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law.  28 U.S.C. § 2254(a).  Habeas relief for claims previously adjudicated on the merits by state courts may not be granted by a federal court unless the state court adjudication resulted in a decision that "was

contrary to, or involved an unreasonable application of, clearly established Federal

law," or "was based on an unreasonable determination of the facts in light of the

evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).   A federal

court begins evaluation of a habeas petition under § 2254(d)(1) by determining the

applicable "clearly established federal law, as determined by the Supreme Court of

the United States." Id.  The federal habeas court next must ascertain whether the

state court decision is "contrary to" that clearly established federal law by

determining if the state court arrived at a conclusion of law opposite to that reached

by the Supreme Court, or if the state court reached a different result than the

Supreme Court on a set of facts materially indistinguishable from those before the

Supreme Court.  Williams v. Taylor, 529 U.S. 362, 405 (2000).

   If the federal habeas court determines that the state court decision is not

contrary to clearly established federal law, the federal court must then determine

whether the state court decision was an "unreasonable application" of clearly

established federal law by determining whether the state court identified the correct

governing legal principle from Supreme Court decisions but applied that principle

unreasonably to the facts.  Id. at 410.

   Under § 2254(e), the state court's determination of factual issues are

-3-

presumed correct unless the petitioner presents clear and convincing evidence that the state court determinations were erroneous.  Under § 2254(d), claims decided on the merits in a state court cannot be the basis for federal habeas relief unless the state court ruling fails the <u>Williams</u> analysis set forth above.

III.    **Findings To Which Barela Objected**

     A.  <u>The Brady Claim</u>

Petitioner first objects to Magistrate Judge King's finding that his <u>Brady</u> claim should be dismissed because it was found procedurally barred by the state habeas court.

A claim found to be procedurally barred is not reviewable by a federal court absent a finding of cause and prejudice or a finding that refusal to consider the claim would result in a miscarriage of justice.  <u>Harris v. Reed</u>, 489 U.S. 255, 263 (1989).  To be barred, a claim must have been "clearly and expressly" held procedurally barred by the last state court to consider it.  <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1302-03 (11th Cir. 1999).  <u>See also</u> <u>Harris</u>, 489 U.S. at 263.

To establish cause excusing an otherwise barred claim, Petitioner must show that "some objective factor external to the defense impeded counsel's efforts to raise the claim in state court."  <u>McCleskey v. Zant</u>, 499 U.S. 467, 493

-4-

(1991)(quotation omitted).  Objective factors include: interference by officials such that compliance with a procedural rule is impractical, unavailability of the factual or legal basis for the claim to counsel, or constitutionally ineffective counsel.  Id. at 494.

Alternately, to establish a "fundamental miscarriage of justice," Petitioner must show that "a constitutional violation probably has caused the conviction of one innocent of the crime."  Id.  The concept of "miscarriage of justice" is "explicitly tied" to the concept of actual innocence.    Schlup v. Delo, 513 U.S. 298, 320 (1995).

The state habeas court found Petitioner could have presented his Brady claim during the direct appeal before the Georgia Supreme Court, but did not. (Resp. Ex. 2 at 2.)  The court stated Petitioner had not given "any reason that prevented him from raising the issues on direct appeal." (Id.)

Although the state court opinion does not use the words "procedural bar," its dismissal clearly and expressly implements the procedural bar of waiver.  The state habeas court was the last state court to review the substance of Plaintiff's claims.

Petitioner does not argue any objective factors that might show cause for his failure to present his <u>Brady</u> claim.  Petitioner does not allege, explicitly or implicitly, that any public official or agency interfered with his ability to raise his <u>Brady</u> claim before the Georgia Supreme Court.  He also does not allege that the factual or legal bases for his <u>Brady</u> claim were unavailable to him at the time of his direct appeal.  Petitioner alleges only that his counsel was constitutionally ineffective.  Although Petitioner does not argue that his <u>Brady</u> claim was defaulted because his counsel was ineffective, he mentions the failure to investigate his <u>Brady</u> claim as one of the bases for his separate ineffective assistance of counsel claim. (Objections to the Magistrate Judge's Final Report and Recommendation at 6.)

For ineffective assistance of counsel to constitute cause excusing the waiver of Petitioner's <u>Brady</u> claims, it must be constitutional in magnitude.  <u>Hollis v. Davis</u>, 941 F.2d 1471, 1476 (11th Cir. 1999).  In other words, Petitioner's claim of ineffective assistance of counsel will only excuse the default if counsel's failure to raise the <u>Brady</u> claim on appeal was an error "so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment," and that "there is a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different." <u>Hall v. Head</u>, 310 F.3d 683, 691 (11th Cir. 2002) <u>quoting</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 696-97 (1984).  Richard Purvis ("Purvis") served as Petitioner's counsel for both the trial and the appeal.

The state habeas court held an evidentiary hearing on Petitioner's claims, and Petitioner himself examined Purvis regarding the alleged ineffective assistance of counsel claim. (Resp. Ex. 2 at 45-66.)  Under questioning by Petitioner, Purvis stated that he "should have, it looks like" tested more aggressively the completeness of the discovery responses provided for trial by the District Attorney. (<u>Id.</u> at 52.)  Petitioner did not examine Purvis on the general topic of his appellate representation or on the specific topic of his failure to raise the <u>Brady</u> claim on appeal to the Georgia Supreme Court.

The attorney representing the state, during cross-examination, asked Purvis "Are you aware of any meritorious grounds for appeal that you didn't raise?"  (<u>Id.</u> at 63.)  Purvis replied: "Again, I'm sure there are those that may look at it and say there were some I should have raised and if there were to do so I would not argue with them.  What we raised was sufficiency of the evidence and that's what we argued on the appellate level."  (<u>Id.</u>)

Taking Purvis's testimony as a whole, the Court finds that his tactical choice not to pursue the Brady claim on appeal was within the range of professional competence.  Competent appellate counsel need not advance every possible argument–or even every meritorious argument–on appeal.  In fact, such "shotgun" appellate practice could be constitutionally ineffective.  The Supreme Court endorses the practice of "winnowing out weaker arguments on appeal and focusing on one central issue if possible . . ."  Jones v. Barnes, 463 U.S. 745, 751 (1983). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."  Strickland v. Washington, 466 U.S. 688, 690 (1984).

The record indicates that Purvis winnowed his grounds of appeal by concentrating on the sufficiency of the evidence argument, which he believed to be the strongest. (Resp. Ex. 2 at 63.)  Such tactical choices are a necessary component of a lawyer's craft, and their commission, without more, does not constitute ineffective assistance of counsel.[1]

---

[1]   Particularly where, as here, there is no evidence that Petitioner had a viable Brady claim to appeal.

Even if Petitioner could show that Purvis's failure to appeal the <u>Brady</u> issue was a poor decision–which appears unlikely on this record–he cannot show prejudice–that is, a "reasonable probability" that the Georgia Supreme Court would have reached a different result.  As Magistrate Judge King found, "Petitioner has not demonstrated that the [withheld] information, if it actually existed, was exculpatory or material to his defense."  (R&R at 21).  <u>See</u> <u>also</u> <u>Kyles v. Whitley</u>, 514 U.S. 419, 432 (1995).

Petitioner has not shown that the failure to raise the <u>Brady</u> claim on appeal was the result of constitutionally ineffective counsel, and thus has not shown cause to excuse the procedural default found by the state habeas court.  Absent a showing of cause and prejudice, the <u>Brady</u> claim remains procedurally barred unless it falls into that "narrow class of cases" that implicate a fundamental miscarriage of justice.  <u>Schlup v. Delo</u>, 513 U.S. 298, 314 (1995).

The miscarriage of justice exception is reserved for "extraordinary cases" and is "explicitly tied" to claims of actual innocence.  <u>Id.</u> at 315.  Petitioner does not claim actual innocence, but rather that his procedural due process rights were compromised.  Petitioner does not submit any evidence to show that he did not commit the crime for which he was convicted.  Petitioner claims -- without any

credible basis -- that the prosecutor wrongly withheld evidence (which Petitioner does not even claim to have been exculpatory) in violation of "the full panoply of protections afforded to criminal defendants by the Constitution." Id.  In cases where a habeas petitioner with a procedurally barred claim does not allege actual innocence, "even the existence of a . . . meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a [procedurally] barred claim." Id. at 316.  See also Mincey v. Head, 206 F.3d 1106, 1137 n.67 (11th Cir. 2002) (petitioner could not fit his Brady claim within the "narrow class of cases . . . implicating a fundamental miscarriage of justice" because he could not make "a colorable showing of innocence.").  In the present case, Petitioner does not make a "colorable showing of innocence."     Petitioner has not shown cause or made a showing of innocence, and this Court overrules his objection to the R&R's denial of his Brady claim.

   B.  The Ineffective Assistance of Counsel Claim

   Petitioner next objects to Magistrate Judge King's denial of his ineffective assistance of counsel claim.  The legal standard for constitutionally ineffective assistance of counsel is remarkably high and requires a:

-10-

> showing that counsel made errors so serious that counsel
> was not functioning as the "counsel" guaranteed the
> defendant by the Sixth Amendment.  Second, the
> defendant must show that the deficient performance
> prejudiced the defense.  This requires showing that
> counsel's errors were so serious as to deprive the
> defendant of a fair trial, a trial whose result is reliable.
> Unless a defendant makes both showings, it cannot be
> said that the conviction or death sentence resulted from a
> breakdown in the adversary process that renders the
> result unreliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).

The Supreme Court dictates that "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances."  Id. at 688. This Court "must be highly deferential" to counsel's decisions.  Id. at 689.  The Court must make "every effort" to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  Id.  The Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ."  Id.

The Court must also consider whether, if counsel has erred, that error was prejudicial–that is, whether it had an effect on the judgment.  Id. at 691.  Prejudice must be affirmatively proven by the petitioner for his ineffective assistance claim

to stand.  Id.  To show prejudice, the petitioner must show that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different."  Id. at 694.  The question is whether, but

for counsel's error, "the factfinder would have had a reasonable doubt respecting

guilt." Id. at 695.

The state habeas court found as fact the following regarding Purvis's trial

representation of Barela:

> (1) Mr. Purvis is a licensed practicing attorney in the
> State of Georgia and has been practicing since 1983
> (2) Mr. Purvis was appointed to represent Petitioner
> (3) Prior to trial, Mr. Purvis consulted with Petitioner on
> numerous occasions and thoroughly investigated the
> case;
> (4) Mr. Purvis had access to the District Attorney's
> evidence against Petitioner;
> (5) It was Petitioner's decision to go to trial on his case;
> (6) Mr. Purvis testified that Petitioner's indictment was
> not void;
> (7) Mr. Purvis testified that he did file a motion to
> suppress and did object to the introduction into evidence
> of several wires as possible murder weapons.
> (8) Mr. Purvis testified that he represented Petitioner in a
> manner that he felt was most advantageous to Petitioner
> (9) Mr. Purvis was not aware of any deprivation of any
> constitutional right of Petitioner.
> (10) Mr. Purvis testified that he represented Petitioner to
> the best of his ability and rendered Petitioner effective
> assistance of counsel.

(11) Mr. Purvis had ample time from the time of his appointment until Petitioner's trial within which to prepare a defense for Petitioner.

(Resp. Ex. 3 at 4-5.).

Under 28 U.S.C. § 2254(e)(1), findings of fact made by a state court are presumed correct unless the petitioner shows otherwise by clear and convincing evidence. Petitioner does not argue that the state court's findings of fact were erroneous; he claims only that the state court and Magistrate Judge King failed to grant his arguments the weight to which he believes they are entitled. (Objections to the Magistrate Judge's Final Report and Recommendation at 4-6.)

To the extent that the Court can determine, Petitioner alleges that Purvis was ineffective because he failed to pursue the Brady claim, failed to seek to suppress evidence alleged to have been taken in violation of the Fourth Amendment, failed to call witnesses at trial, failed to cross-examine adequately the state's primary witness, and failed generally to investigate the case. (Id. at 5-6.)

The Court finds Purvis's alleged failure to pursue Petitioner's Brady claim at trial was not constitutionally ineffective advocacy. Petitioner claims that Purvis failed to pursue the possibility that the District Attorney wrongfully withheld evidence. The evidentiary transcript states:

-13-

> [Purvis]:  We filed standard discovery motions.  And a
> little background here, on non-serious cases, your minor
> burglaries, drug processions, theft by takings and stuff
> like that, the D.A. allows us to go to their office and copy
> their file at a copy machine that's located in their office.
> On serious cases, such as rape, murder, armed robbery,
> the District Attorney himself copies that file and provides
> me with a copy of what he deems to give me in his file.
> Now, we did receive a copy of that file.  I have never
> gone back and done a page-by-page comparison of what I
> was given with what's located in the file.  Of what
> they've given me I gave you [Barela] a copy of all that,
> but I understand there is some question that there may be
> a statement that was in the District Attorney's file that
> has not been turned over.
> [Barela]: So you relied on the District Attorney to present
> any documents or anything to you, you didn't have no in
> camera inspection or anything of their --
> [Purvis]: No, we did not.
> [Barela]: You didn't file a motion for any in camera
> inspection or anything?
> [Purvis]: No, I did not.  I should have, it looks like.

(Resp. Ex. 2 at 51-52.)

On cross-examination, Purvis stated:  "We did not raise any Brady violations.  We

just took the State's assertion that the file that was given to me was complete and

total but it may not be true, I do not know."  (Id. at 61.)

Viewing the matter from Purvis's perspective at the time of trial, there is no

evidence that Purvis had reason to suspect the District Attorney was withholding

-14-

evidence.  Although Petitioner vaguely alleges that Purvis "had been made aware" of the laundry list of issues (including the <u>Brady</u> claim) on which he bases his claim of ineffective assistance, ( Objections to the Magistrate Judge's Final Report and Recommendation at 6), Purvis's testimony at the evidentiary hearing indicated no knowledge of prosecutorial discovery misconduct at the time of trial.  The state court found that Purvis had access to the prosecutor's evidence, and that Purvis represented Petitioner effectively and to the best of his ability.  This Court finds that Purvis acted reasonably, and there was no reason for him to suspect that the District Attorney had not fulfilled his discovery obligations under <u>Brady</u>.

Petitioner next claims that Purvis was constitutionally ineffective by failing to challenge the admissibility of certain evidence under the Fourth Amendment. The evidentiary record, however, shows that Purvis acted reasonably.  Purvis testified, and the state court found, that he filed motions to suppress and specifically objected to the admission of several metal wires similar to the murder weapon seized from Petitioner's apartment building.  These wires are the only specific items of evidence about which Petitioner seems concerned from a Fourth Amendment standpoint.  Purvis acted reasonably by objecting to the admission of the wires.  Because Purvis pursued motions to suppress and objected specifically to

the admission of the wires, and because Petitioner does not raise any item of evidence that Purvis failed to attempt to suppress, the Court cannot find that Purvis's conduct was ineffective in this regard.

Petitioner next claims that Purvis failed to call witnesses at trial.  Petitioner does not, however, identify what witnesses Purvis should have called, or provide the Court with any indication of the subjects about which they might testify. Attorneys must be granted broad tactical discretion.  "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."  Strickland v. Washington, 466 U.S. 688, 690 (1984). Petitioner makes no showing, and the Court cannot find, any material witnesses that Purvis failed to call.[2]

Petitioner claims that Purvis failed properly to investigate the case. Petitioner specifically claims that Purvis ignored Petitioner's and Petitioner's girlfriend's attempts to explain events.  Petitioner fails to identify any specific topics into which Purvis failed to inquire.  The state habeas court found that

---

[2]  Purvis testified at the state habeas hearing that dearth of witnesses called for Barela's case-in-chief was based upon Purvis's strategic decision to rely upon a "sufficiency of the evidence" style defense.  (Resp. Ex. 2 at 46; 59-60.)

"Mr. Purvis consulted with Petitioner on numerous occasions and thoroughly investigated the case." (Resp. Ex. 3 at 4.) The Court sees nothing in Petitioner's Objections, his present habeas petition, or the evidentiary record of the state habeas petition to challenge that factual conclusion. Purvis's investigation of the case seems reasonable.

The Court overrules Petitioner's objection on the ineffective assistance of counsel claim.

## IV.   Unobjected Portions of the Report and Recommendation

A. Grounds No. 1, 3, 5, 6, and 8

Section 2254 prohibits federal court from granting habeas relief unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The concern for finality in the criminal law "has special importance in the context of a federal attack on a state conviction." McCleskey v. Zant, 499 U.S. 467, 491 (1991). To this end, the law imposes "a burden of reasonable compliance with procedures designed to discourage baseless claims and to keep the system open for valid ones. . ." Id. at 493. Where a habeas petitioner's claim is held procedurally barred by the last state court to consider it, a federal court may not take up the merits of the claim unless the petitioner shows either

-17-

cause for the default and prejudice stemming therefrom, or that a failure to consider the claims would constitute a fundamental miscarriage of justice. <u>Harris v. Reed</u>, 489 U.S. 255, 263 (1989).

Magistrate Judge King found that the above grounds had been raised before the state habeas court, which found them waived because Petitioner failed to raise them on direct appeal. ("R&R" at 10-11). Under <u>Harris</u>, these claims cannot be reviewed on the merits by this Court absent a showing of cause and prejudice or a fundamental miscarriage of justice. 489 U.S. at 263. Magistrate Judge King found that Petitioner presented no cause for his failure to raise the claims on appeal, and, impliedly, that no fundamental miscarriage of justice would inhere if the Court refused to consider the claims. (R&R at 12.)

The Report and Recommendation construes reasonably the pertinent facts and law, and does not err in their application. The Court finds no error in its analysis.

B. <u>Grounds 2 and 4</u>

In Ground 2, Petitioner "claims that the evidence presented at his criminal trial was insufficient for a conviction because the state's primary witness committed perjury." (<u>Id.</u> at 12.) Ground 4 raises the related claim that the jury

verdict was contrary to law and to the evidence. (Id.)  Petitioner raised these arguments in his prior appeal to the Georgia Supreme Court, which denied relief. Magistrate Judge King found that "Petitioner has failed to offer any evidence or argument that would tend to overcome the presumption of correctness enjoyed by the state court's summary of the evidence."  (Id. at 14.)  Magistrate Judge King then found that Petitioner faces a high legal standard–he must prove that the Georgia Supreme Court acted contrary to or applied unreasonably federal law, which dictates that challenges to the sufficiency of evidence relied on in a jury verdict fail if, viewing the facts in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  (R&R at 14); see also Jackson v. Virginia, 443 U.S. 307, 319 (1979).

The Georgia Supreme Court determined that the circumstantial evidence against Petitioner, including evidence of the victim's blood in his apartment, his previous threat to kill the victim, and the shaken disposition and incriminating statements by his girlfriend just after the murder, were of sufficient probity that, viewed in a light most favorable to the prosecution, "reasonable triers of fact [could] conclude beyond a reasonable doubt that [Petitioner] was guilty of the

crimes for which he was convicted and sentenced." <u>Barela v. State</u>, 517 S.E.2d ,

321, 323 (Ga. 1999).  Magistrate Judge King found this conclusion consistent with

<u>Jackson</u>.  The Court finds no error in this analysis.

C.  Grounds No. 9 and 11

The state habeas court found that Ground No. 9 should have been raised on

direct appeal, and was thus procedurally barred for the same reason as Grounds

No. 1, 3, 5, 6, and 8. (Resp. Ex. 3 at 2.)  Magistrate Judge King also found Ground

No. 9 procedurally barred, but for different reasons.  Magistrate Judge King found

that Ground No. 9 in the federal habeas petition was different in substance from the

Ground No. 9 of the state habeas petition, and treated Ground No. 9 of the present

petition as a new ground for relief raised for the first time.[3] (R&R at 10 n.1; 15-16.)


Magistrate Judge King found that because Grounds No. 9 and 11 were first

_____

[3]  In Ground No. 9 of the state habeas proceeding, Petitioner claimed that the
trial judge's jury instruction on reasonable doubt was incorrect, and "erroneously
diminished the State's burden of proof."  In Ground No. 9 of the present petition,
Petitioner claims that the trial judge acted improperly by offering his opinions on
the sufficiency of the evidence and by otherwise influencing improperly the jury's
deliberations.  Magistrate Judge King did not plainly err by finding Ground No. 9
of the instant habeas petition to be a newly raised claim.  Ground No. 11 asserts
that the evidentiary hearing on the state habeas claims raised issues or prosecutorial
misconduct and ineffective assistance of counsel.  This claim is new on its face.

raised in the instant federal petition, they are barred on exhaustion grounds.  (R&R at 15.)  Although a federal court presented with a "mixed petition" of exhausted and unexhausted claims must normally either dismiss the entire petition without prejudice or hold it in abeyance to allow exhaustion, "when it is obvious that the unexhausted claims are meritless or would be procedurally barred in state court due to state law procedural default, we can forgo the needless judicial ping-pong and just treat those claims now barred by state law as no basis for federal habeas relief."  Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1995); (R&R at 15-16.)  The Eleventh Circuit clarified,  "[e]xhaustion of state remedies require that the state prisoner fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.  Id. at 735 (quotation omitted).  When no further state review is possible due to state procedural bars, dismissal of a § 2254 claim by a federal court is appropriate.  Snowden, 135 F.3d at 736.

Magistrate Judge King found that Petitioner's Grounds No. 9 and 11 would be procedurally barred under Georgia statute O.C.G.A. § 9-14-51.  That statute states:

All grounds for relief claimed by a petitioner for a writ of

-21-

> habeas corpus shall be raised by a petitioner in his
> original or amended petition. Any grounds not so raised
> are waived unless the Constitution of the United States or
> of this state otherwise requires or unless any judge to
> whom the petition is assigned, on considering a
> subsequent petition, finds grounds for relief asserted
> therein which could not reasonably have been raised in
> the original or amended petition.

The Georgia Supreme Court interpreted this statute to mean that claims first raised in successive habeas petitions are waived unless they are "constitutionally unwaivable or could not reasonably have been raised in the earlier petition." Tucker v. Kemp, 351 S.E.2d 196, 198 (Ga. 1987).  Magistrate Judge King found that Petitioner made no showing that his claims were either constitutionally unwaivable or that they could not reasonably have been raised in his first habeas petition before the state court.  Magistrate Judge King did not plainly err by finding that Grounds No. 9 and 11were barred.

Accordingly,

    **IT IS HEREBY ORDERED** that the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Report and Recommendation over Petitioner's Objections. Petitioner's habeas petition is **DISMISSED**.   The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 31st day of October, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE